**Heriberto PALACIO, Plaintiff–Appellant,**

v.

**Richard PAGAN, O. Thomas, The Law Department of the City of New York, M.D. S. Edano, Capt. McMillan, #1397, Michael D. Hess, Officials—Bob Does, Officials—Jane and John Does, Jorge Ocasio, M.D.C. Supt., Defendants–Appellees.**

No. 06–4350–cv.

United States Court of Appeals, Second Circuit.

Sept. 14, 2009.

Heriberto Palacio, pro se.

Deborah Brennar, Senior Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel, The City of New York Law Department, New York, NY, for Appellees.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Heriberto Palacio, incarcerated at the Coxasackie Correctional Facility and proceeding *pro se,* challenges an August 15, 2006 judgment of the District Court granting the motion of defen-

dants-appellees for summary judgment and dismissing his complaint. Plaintiff brought the instant civil rights action pursuant to 42 U.S.C. § 1983 in connection with claims that defendants-appellees violated his rights under the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment of the Constitution while he was incarcerated at the Manhattan Detention Center for Men ("MDC"). Before the District Court, plaintiff alleged principally that his Centrally Monitored Classification status was improper; that defendants failed to protect him from attacks by two inmates; and that he was denied adequate medical care. On appeal, plaintiff contends that the District Court erred in (1) denying him appointment of counsel in violation of his Sixth Amendment right to counsel; (2) refusing to compel discovery; and (3) granting summary judgment to defendants. We assume the parties' familiarity with the facts and procedural history of the case.

In order to establish a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected property or liberty interest and was deprived of it without due process. *See, e.g., McMenemy v. City of Rochester,* 241 F.3d 279, 285–86 (2d Cir.2001). As a general rule, conditions of confinement imposed in pretrial detention do not give rise to a violation of a prisoner's due process rights unless they are punitive. *See Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."). Moreover, we are mindful that the intervention of courts in a prison's classification of prisoners for monitoring and control purposes might in some cases improperly involve courts in the day-to-day operations of prison systems, "which are better left to the expertise of prison administration authorities." *Pugliese v. Nelson,* 617 F.2d 916, 925 (2d Cir.1980). We have held that "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is not a right protected by the due process clause itself." *Covino v. Vt. Dep't of Corr.,* 933 F.2d 128, 129 (2d Cir.1991) (internal quotation marks omitted); *see also Bell,* 441 U.S. at 537, 99 S.Ct. 1861 (noting that "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense"). As the District Court noted, we have also held that, in the context of pretrial detention in the federal prison system, "a prisoner's mere expectation of benefits associated with non-CMC status does not amount to a statutory or constitutional entitlement sufficient to trigger due process protections." *Pugliese,* 617 F.2d at 925.

The record in this case does not indicate that plaintiff was assigned to CMC status as a punitive measure. Accordingly, we agree with the District Court that, at least under the circumstances presented here, " 'New York State CMC designation is not a deprivation of a liberty interest triggering due process considerations.' " *Palacio,* 2006 WL 2372250, at *8, 2006 U.S. Dist. LEXIS 57339, at *30 (quoting *Mack v. Artuz,* No. 01 Civ. 11832, 2002 WL 31845087, at *7, 2002 U.S. Dist. LEXIS 24216, at *23 (S.D.N.Y. Dec. 19, 2002); *see also Majid v. Malone,* No. 95 Civ. 2545, 1996 WL 134756, at *3, 1996 U.S. Dist. LEXIS 3515, at *8 (S.D.N.Y.1996)) (observing that New York State CMC designation is similar to federal CMC designation "in all material respects"). It follows from our conclusion that plaintiff has not established a liberty interest in the appeal of his CMC classification.

We have reviewed plaintiff's remaining claims and find them to be without merit. Substantially for the reasons stated by the District Court in its careful and thoughtful Memorandum Decision and Order of August 11, 2006, the August 15, 2006 judgment of the District Court is AFFIRMED.